Reginald BAILEY, as Administrator of the Estate of Sheryl English, and Joseph M. Hill, as Trustee of the Bankruptcy Estate of Sheryl English, Appellants

v.

BARNHART INTEREST, INC., L. Irvin Barnhart, and Paul F. Barnhart, Jr., Appellees.

No. 14–08–00160–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 16, 2009.

Ralph Ray Gregory, Jr., Houston, TX, for appellants.

John Wesley Raley, Houston, TX, Nisha Poth Byers, Michelle Ealine Robberson, Dallas, TX, for appellees.

Panel consists of Justices ANDERSON, GUZMAN, and BOYCE.

## OPINION

WILLIAM J. BOYCE, Justice.

Reginald Bailey, as administrator of the estate of Sheryl English, and Joseph M. Hill, as trustee of English's bankruptcy estate, appeal from the trial court's grant of summary judgment in favor of appellees Barnhart Interests, Inc., L. Irvin Barnhart, and Paul F. Barnhart, Jr. (collectively, "the Barnharts"). We reverse and remand as to the trustee. We reverse, render, and dismiss as to the administrator.

### Background

English sued the Barnharts in state district court on May 23, 2003, alleging that she sustained personal injuries attributable to mold exposure while working in a building managed by the Barnharts.

English filed for Chapter 7 bankruptcy on November 15, 2004. She filed her bankruptcy schedules and statement of financial affairs on the same day. English failed to list her pending state court suit against the Barnharts in these filings as an asset of the bankruptcy estate. English died on January 12, 2005, while her suit against the Barnharts and her bankruptcy were pending.

English's attorney filed an emergency motion in the bankruptcy court on January 24, 2005, and requested permission to allow English's brother, Reginald Bailey, to testify on English's behalf at her section 341 creditors' meeting. *See* 11 U.S.C.A. § 341 (West 2004).[1] English's attorney asserted in this filing that Bailey assisted English in the preparation of her schedules and statements, and was familiar with her financial affairs. The bankruptcy court granted the motion on January 25, 2005. The appellate record does not reflect whether Bailey appeared at the creditors' meeting or disclosed any assets.

Chapter 7 trustee Joseph M. Hill filed a no-asset report on February 2, 2005, and the estate was closed. Upon learning of English's state court suit against the Barnharts from the attorney handling that suit, Hill filed a motion on February 22, 2005 to withdraw his no-asset report and to reopen the bankruptcy estate. The bankruptcy court signed an order granting Hill's motion and ordered the case reopened on February 23, 2005. The appellate record does not reflect whether English's bankruptcy schedules and statements were amended to identify the state court suit against the Barnharts as an asset of the bankruptcy estate. On March 21, 2006, the bankruptcy court granted Hill's motion

authorizing the employment of an attorney to represent him as trustee and to prosecute the suit against the Barnharts.

Bailey was added as a plaintiff in a supplemental state court petition that was filed on June 16, 2006. The Barnharts filed a motion for partial summary judgment under Rule 166a(c) on August 11, 2006, contending that judicial estoppel bars Bailey, as administrator of English's estate, from pursuing English's personal injury claims against the Barnharts due to English's failure to list the suit in her bankruptcy filings. Hill was added as a plaintiff in another supplemental petition filed on October 24, 2006. The Barnharts filed a supplemental motion for summary judgment on December 18, 2006, contending that judicial estoppel also extends to Hill, as Chapter 7 trustee, and forecloses his pursuit of English's personal injury claims based upon English's omission.

In their summary judgment response, Bailey and Hill argued that the creation of a bankruptcy estate extinguishes the debtor's property rights such that the bankruptcy trustee is the real party in interest with exclusive standing to assert the estate's property rights. Bailey and Hill also argued that judicial estoppel does not bar a bankruptcy trustee from pursuing claims the debtor failed to disclose.

On December 29, 2006, Bailey and Hill filed a supplemental response to the Barnharts' summary judgment motion on judicial estoppel. A fourth supplemental petition was filed on January 11, 2007, adding a wrongful death claim. The Barnharts filed a reply to appellants' response to the Barnharts' summary judgment motion based on judicial estoppel on February 2, 2007.

---

1. The section 341 meeting provides an opportunity for creditors to question the debtor about debts and claimed exemptions. *In re Clark,* 262 B.R. 508, 516 (9th Cir.BAP2001).

When more information must be gathered, the meeting can be adjourned to a definite time; there is no limit on the number of adjournments. *Id.*

The trial court signed an amended order granting the Barnharts' summary judgment motion on judicial estoppel on February 14, 2007.[2] Appellants filed a motion for new trial on March 15, 2007. The trial court signed an order denying the motion for new trial on April 23, 2007. Appellants timely filed their notice of appeal on February 20, 2008.[3]

## Standard of Review

We review the trial court's grant of summary judgment *de novo*. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex.2004). A traditional summary judgment may be granted if the motion and summary judgment evidence establish there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery, or pleads and conclusively establishes each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant; indulge every reasonable inference in the nonmovant's favor; and resolve any doubts in the nonmovant's favor. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam).

## Analysis

Bailey and Hill argue on appeal that the trial court erred in granting summary judgment because judicial estoppel does not foreclose Hill, as the bankruptcy trustee, or Bailey, as the administrator of English's estate, from pursuing claims English failed to disclose in her bankruptcy filings. In addressing these arguments it is helpful to begin with an overview of the Chapter 7 trustee's role and the standards governing judicial estoppel in the bankruptcy context.

### A. Chapter 7 Trustee's Role

■ A trustee serves as the representative of the bankruptcy estate. *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir.2008) (per curiam) (citing 11 U.S.C. §§ 323, 541(a)(1) (2005)). Once the bankruptcy petition has been filed, the trustee is the real party in interest and the only party with standing to prosecute causes of action belonging to the estate. *Id.*

■ " 'Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned' by the trustee to the debtor pursuant to § 554." *Id.* (quoting *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir.2004), and citing 11 U.S.C. § 554 (2005)). "In a Chapter 7 case, '[a]t the close of the bankruptcy case, property of the estate that is not aban-

---

**2.** The first order granting summary judgment on judicial estoppel was signed on February 5, 2007. It addressed only administrator Bailey. The second summary judgment order signed on February 14, 2007 addressed both Bailey and trustee Hill.

**3.** Linda Neils and Carla Silvani also asserted claims against the Barnharts in this suit based on personal injuries they attributed to mold exposure in the same building. The trial court signed an agreed order of dismissal with prejudice submitted by Carla Silvani on

September 11, 2007. The trial court signed another agreed order of dismissal with prejudice submitted by Linda Neils on January 30, 2008. These dismissals made the trial court's February 14, 2007 summary judgment order against Bailey and Hill final and appealable as of January 30, 2008. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). Bailey and Hill filed their notice of appeal 21 days after the date on which the summary judgment order became final and appealable. *See* Tex.R.App. P. 26.1.

doned under § 554 and that is not administered in the bankruptcy proceedings'—including property that was never scheduled—'remains the property of the estate.'" *Id.* (quoting *Parker*, 365 F.3d at 1272, and citing 11 U.S.C. § 554(d)). However, the trustee is divested of control of the property upon abandonment because it is no longer part of the estate. *Id.* Property abandoned under section 554 reverts to the debtor, and the debtor's rights to the property are treated as if no bankruptcy petition had been filed. *Id.* (citing 11 U.S.C. § 554).

Debtors in a bankruptcy action owe a continuing duty to disclose all pending and potential claims. *Id.* at 384–85 (citing 11 U.S.C. § 521(1) (2005)); *Ferguson v. Bldg. Materials Corp.*, 276 S.W.3d 45, 49 (Tex. App.-El Paso 2008, pet. filed) (citing 11 U.S.C. § 521(a)(1)); *Horsley–Layman v. Adventist Health Sys./Sunbelt, Inc.*, 221 S.W.3d 802, 806 (Tex.App.-Fort Worth 2007, pet. denied) (citing 11 U.S.C.A. § 521(a)(1) (West Supp.2006)). If a debtor fails to schedule an asset and the trustee later discovers the omission, the trustee may reopen the bankruptcy case to administer the asset on behalf of the creditors. *Kane*, 535 F.3d at 385 (citing 11 U.S.C. § 350(b) (2005)). Hill followed this procedure here.

### B. Judicial Estoppel

Because the Barnharts invoked judicial estoppel in the bankruptcy context, we apply federal law to determine whether the doctrine applies here. *See Stephenson v. LeBoeuf*, 16 S.W.3d 829, 841–42 (Tex. App.-Houston [14th Dist.] 2000, pet. de-

nied); *see also In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir.1999); *Ferguson*, 276 S.W.3d at 49; *Cricket Commc'ns, Inc. v. Trillium Indus., Inc.*, 235 S.W.3d 298, 304 (Tex.App.-Dallas 2007, no pet.).

■ Application of judicial estoppel is governed by regional circuit law. *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1303–04 (Fed.Cir.2002) (applying Fifth Circuit judicial estoppel test as set out in *In re Coastal Plains*, 179 F.3d at 206); *Ferguson*, 276 S.W.3d at 49. This court has applied Fifth Circuit law with regard to the elements of judicial estoppel and the proof required to establish the doctrine in the bankruptcy context. *Stephenson*, 16 S.W.3d at 841–42.[4]

■■ Judicial estoppel applies when a party attempts to assert a claim that is inconsistent with a claim asserted in a prior proceeding. *Kane*, 535 F.3d at 385; *In re Coastal Plains*, 179 F.3d at 205. Judicial estoppel protects the integrity of the judicial process by preventing a party from "playing fast and loose" with courts to suit the party's own purposes. *Kane*, 535 F.3d at 385; *In re Coastal Plains*, 179 F.3d at 205. "As an equitable doctrine, '[g]enerally, judicial estoppel is invoked where intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" *Kane*, 535 F.3d at 385 (quoting *In re Superior Crewboats, Inc.*, 374 F.3d 330, 333–34 (5th Cir.2004), and *Scarano v. Cent. R.R. Co.*, 203 F.2d 510, 513 (3d Cir.1953)).

---

**4.** *See also Ferguson*, 276 S.W.3d at 49–52; *Jackson v. Hancock & Canada, L.L.P.*, 245 S.W.3d 51, 55–57 (Tex.App.-Amarillo 2007, pet. denied); *Horsley–Layman*, 221 S.W.3d at 806–08; *Brown v. Swett & Crawford of Tex., Inc.*, 178 S.W.3d 373, 380–81 (Tex.App.-Houston [1st Dist.] 2005, no pet.); *Cleaver v. Cleav-

er*, 140 S.W.3d 771, 774–75 (Tex.App.-Tyler 2004, no pet.); *Dallas Sales Co. v. Carlisle Silver Co.*, 134 S.W.3d 928, 931–33 (Tex.App.-Waco 2004, pet. denied); *Thompson v. Cont'l Airlines*, 18 S.W.3d 701, 703–05 (Tex.App.-San Antonio 2000, no pet.).

The Fifth Circuit has recognized three elements that must be satisfied to apply judicial estoppel. A party is judicially estopped when (1) its position is clearly inconsistent with a previous one; (2) the court accepted the previous position; and (3) the non-disclosure was not inadvertent. *Id.* at 385–86. Judicial acceptance "means only that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." *In re Coastal Plains,* 179 F.3d at 206. A previous inconsistent position is inadvertent when the debtor lacks knowledge of the inconsistent position or has no motive for the inconsistency. *Id.* at 210.

## C. Application of Judicial Estoppel to the Chapter 7 Bankruptcy Trustee

Summary judgment briefing in the trial court initially focused on whether Sheryl English's failure to list her suit against the Barnharts as an asset of the bankruptcy estate gave rise to judicial estoppel. The focus subsequently shifted to whether English's conduct created a judicial estoppel defense as to Hill, the bankruptcy trustee. The Barnharts argued as follows in the trial court: "Because Joseph M. Hill, as the Trustee of the Bankruptcy Estate of Sheryl English 'steps into the shoes' of Sheryl English, he is therefore subject to the same defenses as Mrs. English and has no greater rights than Mrs. English had." The Barnharts continued, "Accordingly, if Mrs English's claims are barred as to Mrs. English, they are barred as to the Bankruptcy Trustee as well."

The trustee's susceptibility to a judicial estoppel defense based on English's conduct must be analyzed even if it is assumed for argument's sake that her conduct satisfies the elements of judicial estoppel. The Barnharts relied heavily in the trial court on *In re Superior Crewboats, Inc.,* 374 F.3d 330, 333–34

(5th Cir.2004), to support the application of a judicial estoppel defense to the trustee based on English's conduct.

*In re Superior Crewboats* addressed whether debtors could pursue claims for their own benefit that (1) were not disclosed on the debtors' bankruptcy schedules; and (2) had been abandoned by the bankruptcy trustee. *Id.* The Fifth Circuit concluded that judicial estoppel barred the debtors' pursuit of these claims as a matter of law, and that the trustee's motion to substitute as plaintiff for the debtors became moot once judicial estoppel had been applied to the debtors. *Id.* at 336.

Based on *In re Superior Crewboats,* the Barnharts argued as follows to the trial court: "[D]espite Plaintiff's attempt to distinguish between the Trustee's claim and the probate estate's claim, the doctrine of judicial estoppel as interpreted by the Fifth Circuit should bar the entire underlying lawsuit." The Barnharts continued, "Plaintiff fails to identify any Fifth Circuit case in which the Trustee's claims have been preserved, despite the debtor's misrepresentations." They added, "[T]he most recent case, *Superior Crewboats,* holds the opposite is true." In granting the Barnharts' motion for summary judgment, the trial court stated as follows: "The Fifth Circuit law is controlling on this point and this court feels the duty to follow that law."

Seventeen months after the trial court signed its summary judgment order, the Fifth Circuit addressed *In re Superior Crewboats* again and narrowed the opinion's reach. *See Kane,* 535 F.3d at 386–88.

In *Kane,* Qwest Communications employee Daniel Comstock was involved in a car accident with Stuart Kane. *Id.* at 383. Kane and his wife filed a state court suit in 2002 seeking damages from Qwest and Comstock in connection with the accident.

*Id.* In 2005, while their suit still was pending in state court, the Kanes filed a Chapter 7 bankruptcy. *Id.* They failed to list the personal injury suit against Qwest and Comstock on the relevant bankruptcy schedules, and failed to inform the bankruptcy trustee of this claim during the pendency of their bankruptcy proceedings. *Id.* The bankruptcy resulted in a no-asset discharge in March 2006. *Id.*

Four months after the discharge, Qwest and Comstock filed a motion for summary judgment in state court arguing that the Kanes should be judicially estopped to pursue their suit due to their failure to list it as an asset in their bankruptcy proceedings. *Id.* The Kanes subsequently filed a motion in bankruptcy court to reopen proceedings and allow the trustee to administer the previously undisclosed lawsuit, along with certain undisclosed debts, on behalf of the estate and the creditors. *Id.* The bankruptcy court granted the Kanes' motion to reopen in September 2006. *Id.*

Qwest and Comstock removed the car accident case to federal court in October 2006. *Id.* The defendants again moved for summary judgment in November 2006 based on judicial estoppel under *In re Superior Crewboats.* *Id.* In January 2007, the trustee moved to substitute himself for the Kanes as the real party in interest in the lawsuit. *Id.* at 383–84. The district court granted Qwest's and Comstock's motion for summary judgment in May 2007 based on *In re Superior Crewboats.* The federal district court applied judicial estoppel to bar the Kanes from pursuing their claims against Qwest and Comstock, and dismissed as moot the trustee's motion to be substituted as the real party in interest. *Id.*

The Fifth Circuit reversed the district court's grant ·of summary judgment and remanded in *Kane,* stating that "the district court asked too much of our decision

in *In re Superior Crewboats, Inc." Id.* at 384.

"In *In re Superior Crewboats, Inc.,* we were asked only to consider whether debtors could pursue claims for their own benefit that they failed to disclose in their bankruptcy schedules." *Id.* at 386 (citing *In re Superior Crewboats,* 374 F.3d at 333). "[B]ecause the trustee had abandoned the claim, he was not the real party in interest and was not entitled to be substituted as such." *Id.* at 386. "Rather, following the trustee's abandonment, the interest in the claim had reverted to the debtors, who then stood to collect a windfall from their failure to schedule the asset at the expense of their creditors." *Id.* at 386–87.

The Fifth Circuit distinguished the Kanes' circumstances from those at issue in *In re Superior Crewboats.* "In the case before us, the Kanes' personal injury claim became an asset of their bankruptcy estate when they filed their Chapter 7 petition." *Id.* at 387. "The Trustee became the real party in interest in the Kanes' lawsuit at that point and never abandoned his interest therein." *Id.* The Fifth Circuit then limited *In re Superior Crewboats* as follows:

> Thus, unlike in *In re Superior Crewboats, Inc.*—where the debtors stood to benefit directly from pursuing their claim at the expense of their creditors, and the district court's dismissal of the claim against the debtors mooted the trustee's motion to substitute as a matter of law—here, the Trustee is the real party in interest and has reopened the Kanes' Chapter 7 bankruptcy to pursue the Kanes' claim for the benefit of the estate's creditors.

*Id.* Accordingly, the Fifth Circuit held that *In re Superior Crewboats* did not require application of judicial estoppel to foreclose the trustee's pursuit of personal injury

claims the debtors failed to list in their bankruptcy filings. *Id.*

The Fifth Circuit's analysis in *Kane* applies with equal force here. Once English filed her bankruptcy petition, English's suit against the Barnharts became an asset of the bankruptcy estate. *See id.* at 385. Hill, as the representative of the bankruptcy estate, became the real party in interest and was the only party with standing to prosecute English's claim. *See id.* All rights held by English in the asset were extinguished unless abandoned by Hill. *See id.* The Barnharts acknowledge that Hill never abandoned English's claims against them; to the contrary, Hill reopened the bankruptcy to pursue English's claims for the benefit of the bankruptcy estate's creditors. *See id.*

It follows that English's probate estate does not stand to benefit directly at the expense of the creditors from the trustee's pursuit of English's claims against the Barnharts. *See id.* at 387. English's probate estate stands to benefit only to the extent there is a surplus after all debts and fees have been paid. *See id.* English's "creditors would be harmed ... if judicial estoppel were applied to bar the Trustee from pursuing the claim[s]" against the Barnharts on the bankruptcy estate's behalf. *See id.* at 387. Therefore, the bankruptcy trustee can pursue English's claims against the Barnharts on behalf of English's creditors even if English would have been judicially estopped to pursue them herself. *See id.*

In response to *Kane,* the Barnharts contend that judicial estoppel properly may be applied to the trustee here based on "the conduct of the Trustee in failing to take any action to prosecute English's claim on behalf of the creditors for 18 months, until after the Barnharts raised judicial estoppel. ..." We decline to address this contention for the first time on appeal. The

Barnharts did not predicate their summary judgment on any delay or conduct by the trustee independent of English's conduct. In the trial court, the Barnharts argued only that judicial estoppel applied to the trustee because (1) English herself was estopped based on her own conduct; and (2) the trustee "steps into the shoes" of English.

With the benefit of additional Fifth Circuit guidance in *Kane,* we hold that summary judgment was not warranted on the basis of judicial estoppel with respect to Hill as the bankruptcy trustee. We sustain the appellants' first issue in that regard.

### D. Administrator's Standing to Pursue Undisclosed Claims

*Kane* states that " '[o]nce an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned' by the trustee to the debtor." *Id.* at 385 (quoting *Parker,* 365 F.3d at 1272). The trustee is the only party with standing to prosecute a claim belonging to the bankruptcy estate. *Id.* As noted above, Hill did not abandon English's claim against the Barnharts. Thus, the claim never reverted back to the debtor or her probate estate; it remained in the bankruptcy estate for the bankruptcy trustee to pursue. Therefore, Bailey, as English's probate estate administrator, had no standing to pursue English's claim against the Barnharts because all rights held by English were extinguished and vested in the bankruptcy estate at the time the bankruptcy petition was filed. *See id.*

Standing focuses on the question of who is the correct party to bring a lawsuit. *Patterson v. Planned Parenthood,* 971 S.W.2d 439, 442 (Tex.1998). Standing is a prerequisite to subject matter jurisdiction, and a trial court must have subject matter

jurisdiction to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex.2000). A court has no subject matter jurisdiction over a claim pursued by a plaintiff who lacks standing to assert it. *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex.2008). Subject matter jurisdiction cannot be waived and may be raised for the first time on appeal by the parties or by the court. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex.1993).

We conclude that the trial court lacked subject matter jurisdiction over claims asserted by Bailey against the Barnharts due to Bailey's lack of standing. The proper procedure is to dismiss Bailey as a plaintiff for lack of subject matter jurisdiction. *See DaimlerChrysler Corp.*, 252 S.W.3d at 304; *A & B Bolt & Supply, Inc. v. Nat'l Oil Well Varco, L.P.*, No. 01–07–01069–CV, 2008 WL 340511, at *2–*3 (Tex. App.-Houston [1st Dist.] Feb. 7, 2008, no pet.) (mem.op.) (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 445).[5]

## Conclusion

We reverse the summary judgment granted in favor of the Barnharts on judicial estoppel grounds with respect to Hill, as trustee of English's bankruptcy estate, and remand to the trial court for further proceedings consistent with this opinion.

We reverse the summary judgment granted in favor of the Barnharts on judicial estoppel grounds with respect to Bailey, as administrator of English's probate estate, and render judgment dismissing Bailey as a plaintiff from this lawsuit for lack of standing. *See DaimlerChrysler Corp.*, 252 S.W.3d at 307–08; *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 845–46 (Tex.2007); *A & B Bolt & Supply, Inc.*, 2008 WL 340511, at *2–*3.

---

5. Appellants raise an additional argument on appeal contending that the trial court erroneously granted the Barnharts' separate summary judgment motion based on res judicata. The appellate record contains a signed order specifying that the trial court granted summary judgment on judicial estoppel grounds. Although the Barnharts filed a separate summary judgment motion predicated on res judicata and collateral estoppel, the appellate record contains no order or indication that the trial court ruled on this separate summary judgment motion. Therefore, we do not address the alternative summary judgment grounds of res judicata and collateral estoppel. *See Brockert v. Wyeth Pharms., Inc.*, No. 14–07–00445–CV, 2009 WL 997438, at *7 n. 4, 287 S.W.3d 760, 769 n.4 (Tex.App.-Houston [14th Dist.] Apr. 14, 2009, no pet.). We also do not address the Barnharts' alternative request on appeal to (1) limit any recovery on English's claims to the amount owed to English's creditors; and (2) bar recovery by English's estate, beneficiaries, or heirs of any sum exceeding that amount. This contention should be addressed by the trial court, if necessary, in the first instance.