**Petition for Writ of Mandamus Denied and Substitute Opinion filed April 17, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00905-CV

## IN RE JEFFREY M. STERN, INDIVIDUALLY AND D/B/A STERN, MILLER & HIGDON, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2004-44691**

## SUBSTITUTE OPINION

We grant movant's motion for rehearing, withdraw the opinion issued in this case on January 28, 2014, and issue this substitute opinion on rehearing.

On October 16, 2013, relator Jeffrey M. Stern, Individually and d/b/a Stern, Miller & Higdon, filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this

Court to compel the Honorable William Burke, presiding judge of the 189th District Court of Harris County, to vacate a judgment nunc pro tunc withdrawing the trial court's prior dismissal of the underlying litigation and further declaring as void its prior order of dismissal for being in violation of the automatic stay imposed by the federal Bankruptcy Code. We deny relator's petition.

## I. BACKGROUND

### *The Underlying Litigation*

Relator Jeffrey M. Stern is an attorney whose practice focuses on personal injury cases. The real party in interest is Gulf Coast Orthopaedic and Spine Associates (hereinafter, "Gulf Coast"), a business entity that specialized in providing orthopedic medical care. Relator and Gulf Coast allegedly had a business arrangement wherein relator would refer clients to Gulf Coast, which would then provide medical services to those clients in exchange for an assigned interest in any legal award to the client resulting from that individual's personal injury claim. Gulf Coast filed suit against relator in 2004, claiming that relator failed to remit payments owed to Gulf Coast pursuant to their arrangement. In 2005, the suit was amended to add another plaintiff, Dr. Jeffrey Reuben, who alleged similar claims against relator.

Initially, both Gulf Coast and Reuben were represented by the same attorney—David S. Prince. While the suit was pending, however, Attorney Prince died. Another attorney, J. Michael Black, was substituted in as counsel on behalf of both Gulf Coast and Reuben. Thereafter, Reuben retained separate counsel, Sarnie A. Randle, Jr., who was substituted in solely on Reuben's behalf. Attorney Black continued to serve as counsel for Gulf Coast.

2

In 2006, Gulf Coast filed a suggestion of bankruptcy with the trial court, noting the pendency of Chapter 7 bankruptcy proceedings by Gulf Coast in federal court and requesting a stay of the proceedings in the trial court in observance of the bankruptcy stay. Thereafter, Rueben filed a motion to sever his claims from those of Gulf Coast, so that his claims could proceed without having to wait for resolution of the bankruptcy proceedings. The trial court granted severance, ordering that the severed case proceed under a distinct style and cause number.

Both cases remained pending for several years. Then, in May 2010, Reuben settled his claims against relator. Notwithstanding the settlement, Reuben withheld filing a motion to dismiss his claims at that time in order to ensure payment was received from relator. Reuben received the settlement payment in June 2010, but did not file a motion to dismiss. In September 2010, the trial court issued a notice of intention to dismiss Reuben's case for failure to submit a final judgment. The trial court also issued in October 2010 a notice of disposition deadline in the Gulf Coast case, indicating that it would dismiss the case for want of prosecution absent appropriate action. Attorney Randle also appears to have received a telephone call from the trial court's clerk, requesting that a motion to dismiss be filed so that the settlement between Reuben and relator could be finalized.

On October 18, 2010, Attorney Randle, who never represented Gulf Coast, filed a motion to dismiss the Gulf Coast case. The motion included the cause number and caption of the Gulf Coast case, explicitly states that the motion is being brought by Gulf Coast, makes no mention of Reuben or the settlement of Reuben's case, does not reference Attorney Black (Gulf Coast's attorney), and was signed by Attorney Randle as "ATTORNEY FOR PLAINTIFF, GULF COAST

3

ORTHOPEDIC AND SPINE ASSOCIATES." The trial court granted the motion to dismiss on October 21, 2010 in a written order prepared by Attorney Randle.

### *The Motion for Judgment Nunc Pro Tunc*

In November 2012, the bankruptcy trustee for Gulf Coast, Lowell T. Cage (hereinafter, "Trustee"), filed a motion with the trial court for judgment nunc pro tunc pursuant to Rule 316 of the Texas Rules of Civil Procedure, requesting that the trial court withdraw its order dismissing Gulf Coast's case and reinstate that cause of action. Trustee presented several arguments to the trial court, including that a judgment nunc pro tunc was permitted to correct a clerical error, that Trustee did not authorize Attorney Randle to file the motion to dismiss, and that the order dismissing Gulf Coast's case was void as it was in violation of the bankruptcy stay. Relator filed a plea to the jurisdiction and response to Trustee's motion, and Trustee filed a reply.

The trial court held an evidentiary hearing on Trustee's motion on May 3, 2013, at which Attorney Randle testified and Trustee and relator presented arguments. Attorney Randle acknowledged he was not authorized by Trustee to dismiss Gulf Coast's case.

The trial court candidly admitted during the hearing that "clearly a mistake was made" in dismissing Gulf Coast's case. The trial court acknowledged on multiple occasions that it should not have dismissed Gulf Coast's case—stating, for example:

> "Had I known everything that you all have brought to my attention this morning and in your papers, I would have dismissed Mr. Randle's case and left the other case pending."

4

"Had I known these facts, I would not have dismissed the Gulf Coast case, obviously."

"Had I known what the facts were, this is not what I would have intended to do."

The trial court also noted, however, that its error in dismissing Gulf Coast's case occurred because of a lack of clarity at the time with respect to the facts, which originated from the actions of counsel in presenting the motion to dismiss. Specifically, the trial court stated: "I signed the judgment I intended to. It says exactly what I intended it to, but I did not appreciate the facts. . . . [The error] didn't originate with me . . . because I was not aware . . . ."

Being fully apprised of the facts surrounding the litigation, the trial court opted for "a practical solution." Despite expressing skepticism that the dismissal of Gulf Coast's case could be corrected by a judgment nunc pro tunc and explicitly suggesting to Trustee that he may need to file a bill of review to obtain redress, the trial court decided to "treat [the error] as a clerical mistake" and granted Trustee's motion for judgment nunc pro tunc, but recognized that the matter may need to be "straighten[ed ] out" by the Court of Appeals.

After the trial court indicated it was granting a judgment nunc pro tunc, the court heard further argument from the parties about whether the trial court's 2010 order dismissing Gulf Coast's case was void for being in violation of the bankruptcy stay. The trial court did not orally render a decision on the bankruptcy stay issue. Therefore, at the conclusion of the hearing, relator inquired as to whether the trial court intended to include language in its judgment pertaining to

5

the bankruptcy stay, to which the court responded that such language would be included.

The trial court followed its oral decision at the hearing with a written judgment dated September 13, 2013. After introductory language stating that the court grants Trustee's motion for judgment nunc pro tunc, the written judgment contains two operative paragraphs that are germane to this original proceeding:

> ORDERED that the order dismissing Gulf Coast's claim is WITHDRAWN because such order was entered by mistake in this docket due to a clerical error in the style of the case; it is further
>
> ORDERED that the order of dismissal entered in this case on October 21, 2010 is declared VOID as a violation of the automatic stay imposed by Section 362(a) of title 11 of the United States Bankruptcy Code, and that such order is hereby VACATED . . . .

Relator filed this petition for writ of mandamus, asserting that the trial court abused its discretion in entering the judgment because the court used a judgment nunc pro tunc to correct a judicial error, rather than a clerical error, and further arguing that the trial court's dismissal of Gulf Coast's case did not violate the bankruptcy stay.[1]

---

[1] In its response to relator's petition, Trustee objects to the record prepared by relator on the grounds that the reporter's record does not include the exhibits that were introduced in the trial court hearing on motion for judgment nunc pro tunc, and because the record includes documents from the underlying litigation that pre-date the motion for judgment nunc pro tunc. Trustee did not, however, file a motion to strike any portion of relator's record. Regardless, Trustee's objections are without merit. Relator provides all documents required to support the petition, and all documents are either certified or sworn copies. *See* Tex. R. App. P. 52.3(k), 52.7(a). Relator did include all the allegedly omitted exhibits elsewhere in the record, even if not directly part of the hearing transcript. As for the documents pre-dating the motion for judgment nunc pro tunc, relator appears to include these documents to provide additional historical context

(continued)

## II. Mandamus Standard

Generally, mandamus relief is appropriate only when the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court abuses its discretion if it: (1) reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law; (2) clearly fails to correctly analyze or apply the law; or (3) acts without reference to any guiding rules or principles. *In re Park Mem'l Condo. Ass'n, Inc.*, 322 S.W.3d 447, 449–50 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). "The issuance of a void order is an abuse of discretion." *Custom Corporates, Inc. v. Security Storage, Inc.*, 207 S.W.3d 835, 838 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). Moreover, "[w]hen the order is adjudged void, it is not necessary for a relator to additionally show that it lacks an adequate appellate remedy." *Id.* Therefore, "[c]ases involving void orders present a circumstance warranting mandamus relief." *Id.* As the party seeking relief, the relator bears the burden of demonstrating entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

about the underlying litigation. Trustee does not argue, and we do not believe, these documents establish any material facts not otherwise admitted by the parties in the context of the motion for judgment nunc pro tunc before the trial court or in the briefs filed with this Court. Indeed, Trustee states that it "adopts the facts presented by Relator as they relate to the pleadings filed" in the underlying litigation. Accordingly, there is no defect with relator's record that affects our consideration of relator's petition.

**III. ANALYSIS**

## A. Texas Law Recognizes that Partially Valid Judgments are Possible.

The trial court's judgment challenged by relator contains two distinct operative paragraphs, either of which alone would effectuate the rescission of the court's 2010 dismissal of Gulf Coast's case. Even if one of those paragraphs were determined to be void, it would not preclude a conclusion that the other paragraph is valid. "The Texas Supreme Court has stated that 'a judgment may be void in part and valid in part provided the valid portion is not so dependent on the invalid as to fall within it.'" *Supak v. Zboril*, 56 S.W.3d 785, 795 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (quoting *Kubena v. Hatch*, 193 S.W.2d 175, 177 (Tex. 1946)). And if one of the operative paragraphs independently is valid, it would leave relator without any effective relief, because, regardless of the determination as to the other paragraph, the valid paragraph would reinstate Gulf Coast's case. Thus, to prevail on his mandamus petition, relator must satisfy his burden to demonstrate that the trial court abused its discretion with respect to both of the operative paragraphs in its judgment. *See Dow Chem. Co. v. Garcia*, 909 S.W.2d 503, 505 (Tex. 1995) (orig. proceeding) ("[W]e will not issue mandamus 'if for any reason it would be useless or unavailing.'") (quoting *Holcombe v. Fowler*, 9 S.W.2d 1028 (Tex. 1928) (orig. proceeding)).

## B. Only the Trustee Had Authority to Nonsuit Gulf Coast's Case.

"When a debtor voluntarily files a petition for bankruptcy, an 'estate' is created, comprised of 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" *Saden v. Smith*, 415 S.W.3d 450, 455 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (quoting 11 U.S.C. § 541). This

broad definition of a bankruptcy estate "includes causes of action or legal claims that belonged to the debtor before the petition was filed." *Saden*, 415 S.W.3d at 455; *accord Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (per curiam) ("[V]irtually all of a debtor's assets, including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition.").

"Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned by the trustee to the debtor pursuant to [11 U.S.C.] § 554." *Bailey v. Barnhart Interest, Inc.*, 287 S.W.3d 906, 909 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (quoting *Kane*, 535 F.3d at 385); *see also Martin v. Clinical Pathology Labs., Inc.*, 343 S.W.3d 885, 888 (Tex. App.—Dallas 2011, pet. denied) ("When a person files a bankruptcy petition, she loses all right, title, and interest in all of her property, and her property is then vested in her bankruptcy estate."). Gulf Coast's case against relator was pending at the time the Chapter 7 bankruptcy petition was filed. As a consequence, Gulf Coast's claims against relator became property of the bankruptcy estate. Nothing in the record of this original proceeding suggests otherwise, or that the Trustee subsequently abandoned the Gulf Coast claims in accordance with 11 U.S.C. § 554.

"A trustee serves as the representative of the bankruptcy estate." *Bailey*, 287 S.W.3d at 909; *see also* 11 U.S.C. § 323. Therefore, because Gulf Coast's claims against relator became property of the bankruptcy estate upon the filing of the bankruptcy petition, and because Trustee is the representative of the estate, Trustee had exclusive authority to prosecute or voluntarily dispose of Gulf Coast's claims.

*See Douglas v. Delp*, 987 S.W.2d 879, 882 (Tex. 1999) ("Once the claims became part of the estate, only the bankruptcy trustee had standing to pursue them. By filing his bankruptcy petition, [the debtor] relinquished to the trustee any standing to prosecute or dispose of the claims."); *Bailey*, 287 S.W.3d at 909 ("Once the bankruptcy petition has been filed, the trustee is the real party in interest and the only party with standing to prosecute causes of action belonging to the estate."); *accord Raytheon Co. v. Boccard USA Corp.*, 369 S.W.3d 626, 631–32 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *Kane*, 535 F.3d at 385; *see also* Fed. R. Bankr. P. 6009; *Saden*, 415 S.W.3d at 455 ("The filing of a voluntary petition for bankruptcy impacts the issues of standing and jurisdiction due to the creation of the bankruptcy estate . . . .").[2]

"Standing is a component of subject matter jurisdiction." *Douglas*, 987 S.W.2d at 882. "Subject matter jurisdiction is 'essential to a court's power to decide a case.'" *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam) (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000)). "Subject matter jurisdiction is never presumed and cannot be conferred by consent, estoppel or waiver." *Gantt v. Gantt*, 208 S.W.3d 27, 29 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (substitute op.). Consequently, "[b]ecause standing is required for subject-matter jurisdiction, it can be—and if in doubt, must be—raised by a court on its own at any time." *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 580 (Tex. 2013); *see also Rhule*, 417 S.W.3d at 442 ("[A]ll courts

---

[2] In contrast to a Chapter 7 bankruptcy, debtors that file under either Chapter 11 or Chapter 13 may retain some authority with respect to legal claims that belonged to the debtor pre-petition. *See, e.g.*, *Raytheon*, 369 S.W.3d at 630 n.1, 631 n.3; *Martin*, 343 S.W.3d at 888–89.

bear the affirmative obligation 'to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it.'") (quoting *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 306 (Tex. 2010) (orig. proceeding)).

The trial court dismissed Gulf Coast's case upon a motion filed by Attorney Randle, purportedly on behalf of Gulf Coast. As noted, only Trustee had standing with respect to Gulf Coast's claims. And Attorney Randle testified that he had no authority from Trustee to dismiss Gulf Coast's case. Therefore, because the only individual with standing to prosecute or nonsuit Gulf Coast's case did not file the motion to dismiss, the trial court had no jurisdiction to act on that motion. *See Douglas*, 987 S.W.2d at 882; *Bailey*, 287 S.W.3d at 914.

## C. Judgments Rendered Without Subject Matter Jurisdiction are Void.

"A judgment is void if rendered by a court without subject matter jurisdiction." *United Servs.*, 307 S.W.3d at 309. As a result, "[a] judgment rendered without subject matter jurisdiction cannot be considered final." *Rhule*, 417 S.W.3d at 442. Therefore, because the trial court's 2010 dismissal of Gulf Coast's case was a judgment rendered without subject matter jurisdiction due to the lack of standing by the one filing the motion to dismiss, the court retained the authority to vacate that order of dismissal. *See Metro. Transit Auth. v. Jackson*, 212 S.W.3d 797, 802 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

## IV. CONCLUSION

Relator has not satisfied his burden to demonstrate that the trial court abused its discretion in vacating its 2010 dismissal of Gulf Coast's case for being void. As this operative paragraph alone is sufficient to support the reinstatement of Gulf

11

Coast's case, this Court need not address whether the trial court abused its discretion in including the other operative paragraph of the judgment in which the court withdrew its 2010 order of dismissal on the grounds that it was a clerical error. Even if an abuse of discretion, relator would be left without any effective relief. And since we will not issue mandamus if it would be useless or unavailing, *Dow Chem.*, 909 S.W.2d at 505, we deny relator's petition for writ of mandamus.

/s/  Marc W. Brown
    Justice

Panel consists of Justices Christopher, Donovan, and Brown.

12