

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00095-CV

---

In re Levi Hardy, Relator

---

AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Relator Levi Hardy (Levi) filed this original proceeding requesting that the Court order the Honorable Jesus Rodriguez, Judge of County Court at Law No. 5, to withdraw his order granting a new trial. Judge Rodriguez signed the new-trial order after the presiding judge of the judicial administrative region ordered a transfer of the underlying divorce case once the previous judge, the Honorable Marlene Gonzalez, Judge of the 388th Judicial District Court, voluntarily recused from the case. The motion for new trial of Real Party in Interest, Amy Hardy (Amy), remained

pending at the time of transfer.[1] Because we decline Relator's invitation to extend merits-based mandamus review to an order granting a new trial after a three-day nonjury trial, we deny the petition for writ of mandamus.

## I. BACKGROUND

After a nonjury trial, Judge Gonzalez signed the Final Decree of Divorce on September 30, 2025. On October 29, 2025, Amy filed a verified motion for new trial based on several grounds including: (1) that the evidence was legally and factually insufficient to support the trial court's judgment; (2) abuse of discretion in making the property division; and (3) newly discovered evidence. No supporting affidavits or other documents were attached to the motion. On December 8, 2025, an additional attorney filed an entry of appearance as co-counsel for Amy. On the same day, Amy's new counsel moved to recuse Judge Gonzalez alleging personal bias or prejudice under Texas Rule of Civil Procedure 18b. On December 10, 2025, Judge Gonzalez signed an order of referral to the presiding judge of the administrative region for assignment of the case to another district judge. The referral order included a voluntary recusal by Judge Gonzalez "[n]ot for the reasons alleged in [the] motion to recuse" but "in the interest of judicial economy." The case was then transferred to County Court at Law No. 5, before Judge Rodriguez.

After the case was transferred, the motion for new trial was set for a hearing on January 9, 2026. After receiving arguments from counsel, the trial court granted the motion that same day. The written order dated January 9, 2026, granted a new trial without stating a reason. Levi filed this petition for mandamus review contending that Judge Rodriguez's "unquestionably arbitrary order granting new trial" amounted to an abuse of discretion as a matter of law that left him without

---

[1] The underlying cause is styled *In the Matter of the Marriage of Amy Hardy and Levi Hardy*, trial cause number 2024DCM0666, pending before the Honorable Judge Rodriguez, presiding judge, County Court at Law No. 5, El Paso County, Texas.

adequate remedy by appeal. He urged that the new-trial order involved no exercise of judicial discretion where Judge Rodriguez, a successor judge who did not preside over the bench trial, received no evidence at the hearing, and articulated no legally valid basis for vacating the final decree, nonetheless granted a new trial after the rendering of a final decree. He contends mandamus relief is necessary because the order is objectively arbitrary and incapable of meaningful review, specifically, that an "immediate correction—not a predeterminedly-fatal second trial followed by guaranteed appeal—is the only remedy consistent with Texas mandamus jurisprudence."

## II. MANDAMUS STANDARD

Mandamus relief provides an "extraordinary remedy." *In re Rogers*, 690 S.W.3d 296, 302 (Tex. 2024) (orig. proceeding) (per curiam). Mandamus is discretionary in nature and it is governed by equitable principles. *In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d 653, 663 (Tex. 2023) (orig. proceeding). To obtain mandamus relief, a relator must generally satisfy two prongs: (1) show relator has no adequate remedy at law; and (2) establish the trial court committed a clear abuse of discretion. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

## III. NEW TRIAL ORDERS

Entitlement to mandamus review of an order granting a new trial depends on whether the order follows a jury trial, or whether there exists extreme circumstances. To protect the constitutional right to a trial by jury, the Texas Supreme Court holds that mandamus review is proper to determine whether a trial court's stated reasons for ordering a new trial are reasonably specific and legally sound. *In re Columbia Medical Center of Los Colinas*, 290 S.W.3d 204, 206, 213, 215 (Tex. 2009); *see also* Tex. Const. art. I, § 15 ("The right of trial by jury shall remain inviolate."); *In re Toyota Motor Sales*, 407 S.W.3d 746, 758 (Tex. 2013) (holding that an appellate

3

court may conduct a merits review of the bases for a new trial order after a trial court has set aside a jury verdict). "[D]isregarding a jury's verdict is an unusually serious act that imperils a constitutional value of immense importance," thus, the trial court may only do so "when clearly supported by sound reasons." *In re Rudolph*, 674 S.W.3d at 302. As much as trial courts have significant discretion to grant new trials, "such discretion should not, and does not, permit a trial judge to substitute his or her own views for that of the jury without a valid basis." *Columbia*, 290 S.W.3d at 212.

The Texas Supreme Court set forth standards a trial court must meet when setting aside a jury's verdict, rejecting for example the mere recitation in the order that the jury's finding was "against the great weight and preponderance of the evidence." *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012). Further, a merits-based review of the trial court's reasoning is permitted by mandamus review. That is, if the trial court's articulated reasons are not supported by the underlying record, a new trial order cannot stand. *In re Toyota Motor Sales*, 407 S.W.3d 746, 758 (Tex. 2013).

Nevertheless, the Texas Supreme Court has given no indication as of this date that these cases apply equally to new-trial orders following a bench trial. Justice Lehrmann's concurrence in *Toyota* explained why there is a distinction. *Id*. at 762 (Lehrmann, J., concurring). Mandamus review of a new-trial order following a jury trial ensures that trial courts do not impermissibly substitute their judgment for that of the jury. *Id*. Yet, this same concern does not exist with respect to new-trial orders that do not set aside a jury verdict, like those issued after a bench trial or when courts sets aside a default judgment. *Id.* at 763. This results because the "exceptional circumstances" that support mandamus review is not present in non-jury cases. *See id.* at 748–49 ("Without . . . an explanation [for setting aside a jury verdict and granting a new trial], parties in

4

the case can only speculate about why the court ostensibly circumvented a critical constitutional right."); *In re Columbia*, 290 S.W.3d at 206 (providing that "the right of trial by jury 'shall remain inviolate'" and the issue for mandamus review is whether the trial court may disregard the jury's verdict, grant a new trial, and explain its action only as being "in the interests of justice and fairness").[2]

Neither this Court nor our sister courts of appeals have yet to extend this reasoning to orders granting a new trial following bench trials. *See In re Velasquez*, No. 04-25-00091-CV, 2025 WL 1063434, at *3 (Tex. App.—San Antonio Apr. 9, 2025, no pet.) (mem. op.) (declining to extend mandamus review to grant of new trial order following a bench trial); *In re Foster*, No. 05-15-00179-CV, 2015 WL 682335, at *1 (Tex. App.—Dallas Feb. 18, 2015, orig. proceeding) (mem. op.) (same); *In re Cort*, No. 14-14-00646-CV, 2014 WL 4416074, at *2 (Tex. App.—Houston [14th Dist.] Sept. 9, 2014, orig. proceeding) (mem. op.) (same); *In re Old Am. County Mut. Fire Ins. Co.*, No. 13-13-00644-CV, 2014 WL 1633098, at *10 (Tex. App.—Corpus Christi-Edinburg Apr. 23, 2014, orig. proceeding) (mem. op.) (holding "the necessity to safeguard the constitutional right to a trial by jury," which constitute exceptional circumstances warranting mandamus review, is not at issue in a case involving a bench trial).

Levi acknowledges the limitation but he nonetheless argues that extraordinary circumstances merit an extension of mandamus review to the order challenged in this instance. He urges that Justice Lehrmann's opinion acknowledging the deference afforded to a trial judge's

---

[2] To be clear, we note that mandamus review does extend to void orders. *See In re Stern*, 436 S.W.3d 41, 46 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("[W]hen the order is adjudged void, it is not necessary for a relator to additionally show that it lacks an adequate appellate remedy."); *see also In re Davenport*, 522 S.W.3d 452, 456 (Tex. 2017) (orig. proceeding) (permitting mandamus relief to direct a trial court to vacate an order granting new trial "in one of three ways: (1) when a merits-based review of the record establishes that the trial court abused its discretion, (2) when the trial court's order was void, or (3) when the trial court erroneously finds that the jury's answers to special issues are irreparably conflicting"). There is nothing in this record to indicate the trial court's order granting a new trial in this case was void.

grant of new trial following a bench trial is firmly rooted in the importance of the "actual observance of the proceeding." He points out that Judge Rodriguez did not in fact observe the underlying trial proceedings. Levi thus contends that Judge Rodriguez should not be afforded "unassailable deference." Based on this factual distinction, he contends we must still apply the abuse of discretion analysis of *In re Columbia Medical Center* and its progeny. We disagree and decline to do so.

Similar to the relator in *Columbia*, Levi argues that even if he could obtain appellate review of the new-trial order following a second trial, that he would still need to convince the appellate court that the granting of the new trial was error and that the error either prevented him from properly presenting his case on appeal or probably caused entry of an improper judgment. *In re Columbia*, 290 S.W.3d at 209. Levi points out that even if an unfavorable judgment were reversed and rendered in his favor, he would have lost the benefit of a final judgment "without ever knowing why, and would have endured the time, trouble, and expense of the second trial." *Id*. However, in a case such as this one, which involved less than a week of trial, we determine the benefits of a relatively prompt retrial outweigh inherent detriments of mandamus review. *In re Prudential*, 148 S.W.3d at 136 (pointing out mandamus review can, "interfere[ ] with trial court proceedings, distract[ ] appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and add[ ] unproductively to the expense and delay of civil litigation"). On the record before us, we conclude that Levi has not satisfied his burden to demonstrate entitlement to mandamus relief. *See In re J.C.*, No. 14-18-00904-CV, 2018 WL 5797366, at *2 (Tex. App.—Houston [14th Dist.] Nov. 6, 2018, orig. proceeding) (mem. op.) (per curiam) ("Relator offer no argument to explain why standards

developed specifically for the grant of a new trial after a jury verdict apply to a trial court's grant of a new trial following a bench trial in a parental-termination proceeding.").[3]

## IV. CONCLUSION

We deny Levi's petition for writ of mandamus. We lift our stay of February 26, 2026.


GINA M. PALAFOX, Justice

April 22, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[3] Levi's petition additionally alleges that Amy "hired an attorney with a known recusal procedure" after the final decree entered by Judge Gonzalez was "to her dislike." He argues that allowing this strategy to take place without mandamus review "will irretrievably open the door for a new boutique practice by attorneys who can take actions to obtain automatic recusals and subsequently advertise themselves as being able to automatically undo final trials[.]" Notably, however, Levi's petition does not state an issue or present a point for relief challenging either the recusal order or against the transfer order. *See* Tex. R. App. P. 52.3(g). Still, even if he did challenge the transfer order, our mandamus jurisdiction is limited and defined and it does not extend to regional presiding judges performing administrative functions. *See* Tex. Gov't Code Ann. § 22.221; *In re Hettler*, 110 S.W.3d 152, 155 (Tex. App.— Amarillo 2003, no pet.).