## EMPLOYERS CASUALTY CO. v. NATIONAL BANK OF COMMERCE.

### No. 2438—7970.

Commission of Appeals of Texas, Section A.

Dec. 9, 1942.

692

Robertson, Leachman, Payne, Gardere & Lancaster and Donald L. Case, all of Dallas, for plaintiff in error.

Thompson, Knight, Harris, Wright & Weisberg, Marshall Thomas, and W. R. Harris, Jr., all of Dallas, for defendant in error.

HICKMAN, Commissioner.

This case originated in the county court. It does not involve the validity or construction of any statute, but is one in which the jurisdiction of the Court of Civil Appeals is final unless the decision of that court is in conflict with another decision either of a court of civil appeals or of the Supreme Court. R.C.S., Articles 1821 and 1728, Vernon's Ann.Civ.St. arts. 1821 and 1728. The character of conflict which must exist in order that the jurisdiction of the Supreme Court may attach in a case originating in the county court has been many times set forth in opinions of this court. All of the authorities agree that the conflict must be well defined and direct, and that the test is whether one would operate to overrule the other in case they were both rendered by the same court. The rule is well stated in 11 Tex.Jur. p. 891 et seq., Sec. 122, where many cases are cited in support thereof.

It is now definitely settled that the conflict must exist upon the face of the opinions themselves, and that this court will not go behind the recorded opinions for the purpose of determining whether the records disclose facts which would produce a conflict. Dockum v. Mercury Ins. Co., 134 Tex. 437, 135 S.W.2d 700. Unless, therefore, there is a conflict between the decision of the Court of Civil Appeals in the instant case, based upon the facts disclosed by its opinion, and some prior decision of a court of civil appeals or of the Supreme Court, based upon the facts disclosed in its opinion therein, then this court is without jurisdiction to decide the case.

In this case the Court of Civil Appeals affirmed the judgment of the trial court and on original hearing did not file any written opinion, but on motion for rehearing filed an opinion. That opinion has not been published, and so, in order to reflect the exact question before us, we quote the material portion thereof, as follows: "Louis J. Hexter, for Hexter Title & Abstract Company, executed and delivered a check payable to Grace Goode, believing that the Grace Goode was the rightful owner of the benefits and proceeds of the check. Immediately thereafter, Grace Goode presented the check to The National Bank of Commerce, as was intended by Hexter. The Bank paid the check and charged it to the account of the maker. Soon thereafter, Hexter discovered that the Grace Goode, payee in the check, was an imposter, falsely representing herself to Hexter as the true beneficial owner of the proceeds in the transaction. The fraud, or forgery, perpetrated upon Hexter, acting for the Title Company, was unbeknown to the Bank at the time it paid the check; and the Bank having dealt with the identical person to whom Hexter intended the check to be paid, the Bank was not concerned to make inquiry into the private affairs of Hexter and the payee in the check,

to ascertain the truthfulness of the transaction, which was afterward discovered to be a fraud or forgery, or make inquiry as to the authority of the one presenting the check to get the money thereon. The Bank, so far as it was concerned, paid the check to the right party, although the payee defrauded Hexter in obtaining the check. Clearly, the validity of the transaction between Hexter and the imposter was of no concern to the Bank, and, when the bank paid the check to the person to whom the drawer of the check intended that it should be paid, the Bank was under no duty to determine whether the real name of its customer was the named payee in the check. First National Bank in Houston v. Whitaker [136 Tex. 117], 147 S.W.2d 1074. Accordingly, we think the trial court correctly entered the judgment for defendant."

The only ground upon which it is claimed that the jurisdiction of the Supreme Court has attached in this case is that the decision of the court of civil appeals herein conflicts with the decision in Guaranty State Bank & Trust Co. v. Lively, 108 Tex. 393, 194 S.W. 937, L.R.A.1917E, 673.

A more careful consideration of the case since same was submitted than we were able to give it when passing upon the application for writ of error has convinced us that no real conflict exists between the two cases. In the case of First National Bank in Houston v. Whitaker, 136 Tex. 117, 147 S.W.2d 1074, 1076, a case very similar in facts to the instant one, and which was cited and followed by the court of civil appeals in its opinion herein, one ground of distinction between that case and the Lively case was pointed out in the following language: " * * * The case of Guaranty State Bank v. Lively, 108 Tex. 393, 194 S.W. 937, 939, L.R.A.1917E, 673, is relied on as supporting this contention. In that case it is held that 'a check which is made payable to a fictitious person without the knowledge of the maker is not payable to bearer, and it is the duty of the bank before paying it to ascertain the existence and the identity of the payee, and, failing to do so, to refuse its payment.' Obviously this holding does not fit the present case for the reason, among others, that no fictitious person was involved in the transaction of collecting the draft and paying over the proceeds to Pattee. * * * "

The distinction there pointed out obtains as between the instant case and the Lively case, the same as it does between the Whitaker case and the Lively case.

There is another distinction. In the Lively case the dealings were with an agent purporting to represent a fictitious person, while in the instant case the dealings were with the imposter in person. These distinctions are substantial and are recognized by the authorities generally. 7 Am.Jur., Banks, Secs. 599, 600, 601, p. 435 et seq.

 The requisite conflict between the decision of the court of civil appeals in the instant case and that of the Supreme Court in the Lively case not appearing, and the only claimed ground of jurisdiction being a conflict between those cases, it follows that we are without jurisdiction of the instant case. The order heretofore entered granting a writ of error herein will accordingly be set aside and the application for writ of error will be dismissed for want of jurisdiction.

Opinion adopted by the Supreme Court.