**Petition for Writ of Mandamus Denied and Majority and Dissenting Opinions filed February 13, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00699-CV

---

## IN RE MARK ATHANS, OMAR MARTINEZ, AND PRESTIGE SURGICAL ASSISTANTS, LLC, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-05129**

---

## M A J O R I T Y   O P I N I O N

Relators Mark Athans, Omar Martinez, and Prestige Surgical Assistants, LLC filed a petition for writ of mandamus in this court. In the petition, relators ask this court to compel the respondent, the Honorable Larry Weiman, presiding judge of the 80th District Court of Harris County, to vacate an order granting a motion for new trial filed by real party in interest American Surgical Assistants, Inc. We deny the petition.

## *Burden to Provide a Sufficient Record*

Relators bear the burden of demonstrating their entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). This burden includes providing this court with a record sufficient to make that showing. *See Walker*, 827 S.W.2d at 837 (stating that it is relator's burden to provide a record sufficient to establish her entitlement to mandamus relief); *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (stating that "[t]hose seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record.") (footnote omitted). Relators have failed to satisfy this requirement.

In support of their mandamus petition, relators provided this court with various documents, including the reporter's record of the trial proceedings (without any exhibits), the jury charge, the real party's motion for new trial, and the reporter's record of the trial court's hearing on the real party's motion for new trial. Relators, however, did not include any exhibits admitted into evidence during the trial. Relators argue that this omission does not render the mandamus record inadequate or insufficient. We disagree.

The Supreme Court of Texas recently held that an appellate court "*may* conduct," in the context of a mandamus proceeding, "a merits review of the bases for a new trial order after a trial court has set aside a jury verdict." *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 749 (Tex. 2013) (orig. proceeding)

2

(emphasis added); *see also id.* at 755–62. The purpose of such a review is to determine the "correctness or validity" of the trial court's articulated reasons for granting a new trial. *Id.* at 758.

### *Necessity of a Complete Record*

To rule on a party's request for a new trial that is based upon the factual insufficiency of the evidence, the trial court must consider and weigh all of the trial evidence and determine whether the challenged fact finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998). The respondent concluded that the jury's answers in response to question one were so against the great weight and preponderance of the evidence as to be manifestly unjust. To review this ruling, we must consider, as we presume the respondent did, all of the trial evidence.[1] *See In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at

---

[1] Our dissenting colleague has reviewed the Supreme Court of Texas briefs in *In re Whataburger Restaurants LP*, 429 S.W.3d 597 (Tex. 2014) (orig. proceeding) (per curiam), and he suggests that, in that case, the Supreme Court of Texas implicitly rejected the notion that the complete record must always be relevant in conducting a merits-based mandamus review of a new-trial order. *See post* at pp. 3–4. Today, we do not address whether the complete record must always be relevant in conducting a merits-based mandamus review of a new-trial order. Even presuming that the parties in *In re Whataburger* asserted that the mandamus record was incomplete, the record in that case may have been complete notwithstanding these assertions. Furthermore, the *In re Whataburger* court neither mentioned these assertions nor addressed whether the record was complete; therefore, the high court did not reject any notion regarding the need for a complete record, either expressly or implicitly. *See Texas v. Cobb*, 532 U.S. 162, 169, 121 S. Ct. 1335, 1341, 149 L.Ed.2d 321 (2001) (concluding that an appellate court's view regarding an issue cannot be implied from a prior case in which the court did not address the issue in its opinion); *Waters v. Churchill*, 511 U.S. 661, 678, 114 S.Ct. 1878, 1889, 128 L.Ed.2d 686 (1994) (stating that "cases cannot be read as foreclosing an argument that they never dealt with"). This court cannot go behind the opinion of the *In re Whataburger* court in an effort to discern the high court's views on an issue that it did not mention in its opinion. *See Employers Cas. Co. v. Nat'l Bank of Commerce*, 166 S.W.2d 691, 692 (Tex. 1942) (stating that court would

758 ("If . . . a trial court's articulated reasons are not supported by the underlying record, the new trial order cannot stand."), 759–60 (noting the court had undertaken a "cumbersome review" of the multi-volume trial record) (internal quotations omitted); *In re Wyatt Field Serv. Co.*, No. 14-13-00811-CV, 2013 WL 6506749, at *3 (Tex. App.—Houston [14th Dist.] Dec. 10, 2013, orig. proceeding) (mem. op., per curiam) (concluding that court could not review on mandamus grant of new trial based on factual insufficiency point without a complete record of the trial).[2] Today, relators ask us to base our ruling on less.

To review on appeal the trial court's conclusion that the evidence is factually insufficient to support a challenged fact finding, this court must have the entire reporter's record. Nonetheless, if an appellant substantially complies with Texas Rule of Appellate Procedure 34.6(c), then the appellate court will presume that the

---

not go behind the opinion of an appellate court to determine the facts on which the court based its opinion); *Dockum v. Mercury Ins. Co.*, 135 S.W.2d 700, 700–01 (Tex. 1940) (holding that court would not go behind the opinion of an appellate court to determine the facts on which the court based its opinion). *See also Cicairos v. Summit Logistics, Inc.*, 35 Cal.Rptr.3d 243, 248–9 (Cal. Ct. App. 2005) (holding that courts cannot "peek" behind the text of an appellate court's opinion to consider matters in the record not mentioned in the opinion in an effort to enlarge the meaning of the opinion). Therefore, any issue as to whether the parties made these arguments in *In re Whataburger* or whether the record in that case was complete is not relevant to the adjudication of today's case. *See Employers Cas. Co.*, 166 S.W.2d at 692; *Dockum*, 135 S.W.2d at 700–01; *Cicairos*, 35 Cal.Rptr.3d at 248–9. Accordingly, we have not reviewed the briefs or the record in *In re Whataburger*.

[2] Our dissenting colleague states that the appellate rules, rather than cases, tell us whether we must consider all of the trial evidence in reviewing a trial court's ruling on a request for new trial that is based upon the factual insufficiency of the evidence. *See post* at 5–6. Nonetheless, applicable precedent is the source of the rules that (1) to review this type of ruling, we must consider all of the trial evidence, and (2) in a mandamus proceeding, relators have the burden of providing a record sufficient to establish their entitlement to mandamus relief. *See Maritime Overseas Corp.*, 971 S.W.2d at 406–07; *In re Wyatt Field Serv. Co.*, 2013 WL 6506749, at *3; *In re Le*, 335 S.W.3d at 813.

4

partial reporter's record constitutes the entire record for the purpose of reviewing the points or issues listed in the appellant's statement of points or issues, including issues regarding the alleged factual insufficiency of the evidence.[3] *See* Tex. R. App. P. 34.6(c); *Bennett v. Cochran*, 96 S.W.3d 227, 228–30 (Tex. 2002). But, if the appellant completely fails to file a statement of points or issues, an appellate court must presume that the omitted portions of the record are relevant to the disposition of the appeal and that they support the trial court's ruling. *See Bennett*, 96 S.W.3d at 229–30; *Burns v. Mullin*, No. 14-12-00966-CV, 2013 WL 5631031, at *1–2 (Tex. App.—Houston [14th Dist.] Oct. 15, 2013, no pet.) (mem. op). Rule 34.6(c) does not apply to mandamus proceedings, and Rule 52 does not contain any provision analogous to Rule 34.6(c). *See* Tex. R. App. P. 34.6, 52. Given relators' burden to provide this court with a record establishing that the respondent abused his discretion in granting a new trial based on the factual-insufficiency issue and given the absence of any rule analogous to Rule 34.6(c), relators must provide this court with a mandamus record of all of the trial evidence before this court may determine whether the respondent abused his discretion in concluding that the trial evidence is factually insufficient.[4] *See In re Toyota Motor Sales,*

---

[3] Under this presumption, the appellate court is still complying with any applicable precedent requiring consideration of all the trial evidence because the appellate court presumes that the evidence contained in the record constitutes all of the trial evidence. *See* Tex. R. App. P. 34.6(c); *Bennett v. Cochran*, 96 S.W.3d 227, 228–30 (Tex. 2002).

[4] Presuming for the sake of argument that, in a mandamus proceeding, this court does not presume that the missing portions of a record support the respondent's order, this court does require that a relator provide this court with a record sufficient to establish the relator's entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Le*, 335 S.W.3d at 813. Though a record containing less than all of the trial evidence might be sufficient to establish the relator's entitlement to mandamus relief as to rulings on certain issues, such a record is not sufficient to show that a respondent abused his discretion in concluding that the trial evidence is factually insufficient to support one or more jury findings. *See Maritime Overseas Corp.*, 971

*U.S.A., Inc.*, 407 S.W.3d at 758; *Maritime Overseas Corp.*, 971 S.W.2d at 406–07; *In re Wyatt Field Serv. Co.*, 2013 WL 6506749, at *3. *See also In re Le*, 335 S.W.3d at 813, 814 (stating that "[t]his court cannot make a sound decision based on an incomplete picture" and that "[i]n the final analysis, this court cannot and will not find an abuse of discretion on an incomplete record."). Relators have not provided a record of all of the trial evidence.

### *Relators' Failure to Provide a Sufficient Mandamus Record*

Under Texas Rule of Appellate Procedure 52.7, the relators must file with their mandamus petition a certified or sworn copy of every document material to their claim for relief that was filed in the underlying proceeding and a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence. *See* Tex. R. App. P. 52.7. The trial exhibits are documents material to relators' claim that the respondent abused his discretion in granting a new trial on the basis that the trial evidence is factually insufficient. *See id.*; *Maritime Overseas Corp.*, 971 S.W.2d at 406–07; *In re Wyatt Field Serv. Co.*, 2013 WL 6506749, at *3; *In re Le*, 335 S.W.3d at 814. In addition, though relators have included in the mandamus record a properly authenticated transcript of the relevant testimony from trial—all of the testimony—relators have failed to comply with Rule 52.7's requirement that they include in the record the exhibits offered in evidence.[5] *See* Tex. R. App. P. 52.7.

---

S.W.2d at 406–07; *In re Wyatt Field Serv. Co.*, 2013 WL 6506749, *3; *In re Le*, 335 S.W.3d at 814.

[5] Our dissenting colleague cites *In re Stern*. *See* 436 S.W.3d 41, 45 n.1 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding). The *In re Stern* case involved objections by the real parties in interest that some exhibits from a hearing were not included in the mandamus record and that

Presuming, without deciding, that this court may review on mandamus the other two grounds articulated by the respondent for granting a new trial without a record containing all of the trial evidence, relators are not entitled to mandamus relief unless and until they show that the respondent abused his discretion in granting a new trial as to each independent ground for granting the new trial. Because one of these grounds is factual insufficiency and because the record does not contain all of the trial evidence, relators have failed to establish their entitlement to mandamus relief.

### *Conclusion*

Relators' petition for writ of mandamus is denied, without prejudice to relators' filing a new mandamus petition concerning the respondent's order granting a new trial that is supported by the complete trial record. The stay granted on September 9, 2014, is lifted.


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Busby (Busby, J., dissenting).

---

other documents were included improperly. *See id*. Today's proceeding does not involve any issue of documents being included in the mandamus record improperly, and the *Stern* court noted that all of the allegedly omitted documents were contained somewhere in the mandamus record, if not directly in the hearing transcript. *See id*. Thus, the *In re Stern* case is not on point. *See id*.