

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00305-CV

IN RE RONALD P. QUINTANA

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 231-525647-12

----------

## MEMORANDUM OPINION[1]

----------

In this mandamus proceeding arising from a divorce action, relator Ronald P. Quintana argues that the trial court abused its discretion by ordering him to pay for the real party in interest's attorney ad litem, Laurie D. Robinson, to travel to England to speak with the real party in interest, Mary H. Quintana, and her caregivers. Because we conclude Ronald has failed to comply with the procedural requirements to gain such extraordinary relief, we deny the petition. *See* Tex. R. App. P. 52.8(a).

---

[1]*See* Tex. R. App. P. 47.4.

Ronald and Mary, who have no children together, are in the process of divorcing. Robinson filed a motion for additional temporary orders, requesting that Ronald "be ordered to pay reasonable interim attorney's fees and expenses" to allow Robinson and her attorney "to travel to England to obtain deposition testimony of the medical care providers of . . . Mary." Both Ronald and Mary agree that a hearing was held on Robinson's motion and that no record was made of the hearing.[2] Ronald's attorney states in her affidavit attached to the mandamus petition that "[n]o evidence was presented by the Attorney Ad Litem of a need for her to travel to England to see Mary." Mary's attorney states in his verified response that "evidence was offered during the in chambers hearing with respect to the Motion filed by . . . Robinson." Indeed, Ronald recognizes in his petition several facts that were "reported" or "stated" at the hearing.

In any event, the trial court ordered Ronald "to deposit the sum of [$8,000] with LAURIE ROBINSON, R.N. . . . as a deposit against the cost of her traveling to England" and ordered Frost Bank to "disburse the sum of [$8,000] from [Mary's] account . . . payable to LAURIE ROBINSON, R.N. for the purpose of traveling to England." Ronald objected to the order because "[n]o evidence was presented to support the payment of expenses and travel time for the Ad Litem to travel to England in the amount of $16,000" and because "other methods are

---

[2]Mary filed a response to Ronald's mandamus petition at this court's request. *See* Tex. R. App. P. 52.8(b)(1).

available to determine information regarding Mary," such as "mail, email, or phone." Ronald states in his petition that his objections were overruled.

Ronald now seeks mandamus relief from the order requiring him to pay for half of the costs for Robinson and her attorney to travel to England to speak with Mary and her medical caregivers. Ronald argues that the evidence was legally and factually insufficient to support the temporary order because "[n]o evidence was presented by the Attorney Ad Litem of the necessity to see Mary, no request had been made for the Attorney Ad Litem to come to England, and no evidence or argument was made of why the trip was reasonable or necessary." Ronald also seems to assert that the order was an abuse of the trial court's discretion because Ronald and Mary had signed a prenuptial agreement, requiring each party to pay their own legal fees in the event of a divorce. Although Ronald states that he raised the prenuptial agreement in his objections to the trial court's order, he did not.

Ronald attached to his petition copies of Robinson's motion for temporary orders, the resulting order, and his objections to the order. Ronald's attorney certified that "[t]he documents attached in the appendix are documents filed in this cause of action." Ronald also attached his attorney's affidavit in which she swore to several facts regarding the underlying divorce, the need for the appointment of an attorney ad litem for Mary, and what occurred at the hearing on the attorney ad litem's motion.

3

In seeking mandamus relief, a relator is required to file a record that includes "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." Tex. R. App. P. 52.7(a)(1); *see also* Tex. R. App. P. 52.3(k)(1)(A). We must strictly adhere to this requirement to ensure the integrity of the mandamus record. *See In re Hunting*, No. 05-15-00200-CV, 2015 WL 737408, at *1 (Tex. App.—Dallas Feb. 20, 2015, orig. proceeding) (mem. op.). Here, Ronald's attorney merely certified that the three attached filings were "documents filed in this cause of action."[3] This is insufficient to render those documents sworn copies of those filed in the trial court. *See In re Kim*, No. 05-14-01344-CV, 2014 WL 6556269, at *1 n.1 (Tex. App.—Dallas Oct. 23, 2014, orig. proceeding) (mem. op.) (concluding that affidavit stating "all the documents included in the Record . . . are either pleadings that are on file in the underlying suit . . . or orders signed by the trial court in the underlying suit" insufficient to authenticate mandamus record under rules 52.3(k) and 52.7(a)); *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (finding affidavit insufficient to authenticate mandamus record because it did not state affiant had "personal knowledge the copy of the order in the appendix is a correct copy of the original").

---

[3]This statement was included in Ronald's attorney's certification under rule 52.3(j). Ronald's attorney stated in her affidavit that she had "personal knowledge of the facts stated herein," but she did not refer to the three filings in the affidavit.

Additionally, "[t]he person filing the petition must certify that . . . she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." Tex. R. App. P. 52.3(j). Although Ronald's attorney included such a statement in her certification, most of the factual statements that she certified were supported by competent evidence in the mandamus record solely relied on her affidavit and not on the trial court filings. The affidavit attempts to establish operative facts going directly to the propriety of the trial court's action, which should be revealed by the documents themselves—e.g., the prenuptial agreement, the divorce petition, the order overruling Ronald's objections—and not in an affidavit. See Tex. R. App. P. 52.7(a).

Finally, the absence of a reporter's record from the hearing and Ronald's reliance on that fact to assert an abuse of discretion is troubling. Ronald's attorney states in her affidavit that no evidence was presented at the hearing but then avers in the petition that Robinson made several statements at the hearing relevant to her request to personally interview Mary and her caregivers. Mary contradicts Ronald's assertion and states in her response that evidence was offered at the hearing. We conclude that the affidavit is insufficient to dispense with the requirement to request and provide a reporter's record from the hearing. Although Ronald's attorney avers in her affidavit and in the petition that no evidence was presented, her argument is that no evidence was presented that supported the trial court's order, not that no "testimony was adduced in

5

connection with the matter complained." Tex. R. App. P. 52.7(a)(2). As such, we presume that any testimony heard by the trial court supported its conclusion.[4] *See In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 313–17 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

We cannot conclude that the trial court abused its discretion in the absence of a sufficient record upon which to do so. *See In re Athans*, 458 S.W.3d 675, 679 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding) (denying mandamus petition arguing evidence was insufficient to support trial court's ruling based on failure of relator to include exhibits introduced at hearing as part of certified or sworn mandamus record); *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) ("Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record."). Accordingly, we deny Ronald's petition. We deny as moot Mary's motion to strike Ronald's attorney's affidavit. Finally, to dispel any belief that this holding impliedly approves of the court's underlying

---

[4]Ronald argues that Robinson's testimony cannot be considered evidence because she was "legal counsel." But it was Robinson's motion as the attorney ad litem, and the evidence Ronald argues was missing could only have been supplied by Robinson. *Cf.* Tex. Disciplinary Rules Prof'l Conduct R. 3.08(a), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2013) (allowing party's attorney to testify as fact witness regarding the nature and value of legal services without risking disqualification). Ronald does not dispute that Robinson was present at the hearing and made factual statements relevant to her motion.

6

order, we explicitly express a serious concern about the necessity and propriety of the order.

PER CURIAM

PANEL:  GABRIEL, DAUPHINOT, and WALKER,  JJ.

DELIVERED:  October 22, 2015