

# NUMBER 13-19-00078-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE YASEMIN TURAN

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Hinojosa
### Memorandum Opinion by Justice Hinojosa[1]

Relator Yasemin Turan filed a petition for writ of mandamus in the above cause on February 20, 2019. Through this original proceeding, Turan seeks to compel the trial court to vacate its temporary orders pertaining to grandparent access and visitation and to dismiss the case. *See* TEX. FAM. CODE ANN. § 153.433 (West, Westlaw through 2017 1st C.S.).

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

To obtain relief by writ of mandamus, a relator must establish that the trial court committed a clear abuse of discretion and that there is no adequate remedy by appeal. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. Mandamus relief is available if a trial court grants a grandparent's request for temporary access to grandchildren where the grandparent fails to prove by a preponderance of the evidence that denial of possession of or access to the child would significantly impair the child's physical health or emotional well-being. *See In re Scheller*, 325 S.W.3d 640, 643 (Tex. 2010) (orig. proceeding) (per curiam); *In re Derzapf*, 219 S.W.3d 327, 335 (Tex. 2007) (orig. proceeding) (per curiam); *In re J.M.G.*, 553 S.W.3d 137, 140 (Tex. App.—El Paso 2018, orig. proceeding).

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish her right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Athans*, 458 S.W.3d 675, 676 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding); *see* Tex. R. App. P. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record). Rules 52.3 and 52.7 require the relator to provide certified or sworn copies of specified documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. *See id.* R.

2

52.3(k)(1)(A), 52.7(a)(1). The relator is also required to file a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter. *See id.* R. 52.7. In sum, the relator bears the "critical obligation to provide the reviewing court with a complete and adequate record." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real parties in interest, Norma Sonia Castaneda and Roberto Castaneda, and the applicable law, is of the opinion that Turan has not met her burden to obtain mandamus relief because she failed to provide the Court with a record which complies with the appellate rules. Absent a sufficient record, this Court cannot determine whether Turan is entitled to mandamus relief. Accordingly, we deny Turan's request for emergency relief, which was previously carried with the case, and we deny the petition for writ of mandamus without prejudice.

LETICIA HINOJOSA
Justice

Delivered and filed the
22nd day of March, 2019.

3