

# NUMBER 13-19-00216-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE REBA ANN JOHNSON AND D.L. JOHNSON

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Perkes
### Memorandum Opinion by Justice Longoria[1]

Relators Reba Ann Johnson and D.L. Johnson filed a petition for writ of mandamus with request for emergency relief in the above cause on May 6, 2019. Through this original proceeding, relators contend that the trial court abused its discretion by allowing discovery to proceed prior to the resolution of a pending motion to dismiss filed under the Texas Citizens Participation Act while relators are without counsel. Relators seek to stay all trial court proceedings pending resolution of their petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id. R.* 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The relator has the burden of providing the Court with a sufficient mandamus record to establish the right to mandamus relief. *Walker*, 827 S.W.2d at 837; *In re Athans*, 458 S.W.3d 675, 676 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding); *see* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus, and the applicable law, is of the opinion that the relators have not met their burden to obtain mandamus relief. The petition is not in compliance with Texas Rule of Appellate Procedure 52 and lacks an appendix or record. *See generally* TEX. R. APP. P. 52.3; *id.* R. 52.7. Accordingly, we deny the petition for writ of mandamus and the request for temporary relief without prejudice.

NORA L. LONGORIA
Justice

Delivered and filed the
6th day of May, 2019.

2