

# NUMBER 13-19-00124-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE YASEMIN TURAN

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Hinojosa
### Memorandum Opinion by Justice Hinojosa[1]

By memorandum opinion issued on April 9, 2019, this Court denied the petition for writ of mandamus in this case. *See In re Turan*, No. 13-19-00124-CV, 2019 WL 1549395, at *1 (Tex. App.—Corpus Christi Apr. 9, 2019, orig. proceeding) (mem. op.). Relator Yasemin Turan has now filed a motion for rehearing en banc, an amended motion for rehearing en banc, and a motion for leave to file her amended motion. We grant relator's motion for leave to file the amended motion for rehearing en banc. We deny the amended

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

motion for rehearing en banc as moot. We withdraw our previous opinion and issue this opinion in its stead.

Turan filed a petition for writ of mandamus in the above cause on March 25, 2019. Through this original proceeding, Turan seeks to compel the trial court to vacate its temporary orders pertaining to grandparent access and visitation and to dismiss the case. *See* TEX. FAM. CODE ANN. § 153.433 (West, Westlaw through 2017 1st C.S.).

To obtain relief by writ of mandamus, a relator must establish that the trial court committed a clear abuse of discretion and that there is no adequate remedy by appeal. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. Similarly, the relator has the burden of providing the Court with a sufficient mandamus record to establish her right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Athans*, 458 S.W.3d 675, 676 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding); *see* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

As it pertains to this case, mandamus relief is available if a trial court grants a grandparent's request for temporary access to grandchildren where the grandparent fails to prove by a preponderance of the evidence that denial of possession of or access to the child would significantly impair the child's physical health or emotional well-being. *See In re Scheller*, 325 S.W.3d 640, 643 (Tex. 2010) (orig. proceeding) (per curiam); *In re*

2

*Derzapf*, 219 S.W.3d 327, 335 (Tex. 2007) (orig. proceeding) (per curiam); *In re J.M.G.*, 553 S.W.3d 137, 140 (Tex. App.—El Paso 2018, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the incomplete record provided by relator, and the applicable law, is of the opinion that Turan has not met her burden to obtain mandamus relief. In this regard, we note that Turan previously requested mandamus relief regarding the same temporary orders that are subject to review in this proceeding. *See In re Turan*, No. 13-19-00078-CV, 2019 WL 1305966, at *1–2 (Tex. App.—Corpus Christi Mar. 22, 2019, orig. proceeding) (mem. op.). We denied the petition for writ of mandamus because Turan "failed to provide the Court with a record which complies with the appellate rules." *Id.* In that case, Turan had failed to file the reporter's record from the underlying proceeding. *See* TEX. R. APP. P. 52.7(a)(2).

Here, in this subsequent petition for writ of mandamus, Turan has furnished the Court with the December 6, 2018 order subject to review, the transcript and exhibits from the November 27, 2018 hearing, and copies of various rules and statutes, but she has not included any of the underlying pleadings pertaining to the temporary orders. *See id.* R. 52.7(a)(1). The pleadings which would be "material to the relator's claim for relief" would include the petition or motion on which the temporary orders were granted, any response thereto, and any other pleadings related to the orders. *See id.* Based on the petition for writ of mandamus, it would appear that at least one of the pleadings at issue is supported by an affidavit and the underlying hearing was held, in part, on a motion for sanctions. None of these documents appear in the record before us. Thus, Turan's petition is deficient. *See id.*; *Johnson v. Hughes*, 663 S.W.2d 11, 12 (Tex. App.—Houston

3

[1st Dist.] 1983, orig. proceeding) ("Mandamus actions require certainty in the pleadings and as to the facts."); *see also In re Stuer*, No. 05-18-01346-CV, 2018 WL 6167962, at *1 (Tex. App.—Dallas Nov. 26, 2018, orig. proceeding) (mem. op.) (denying mandamus relief where "the mandamus record does not include a certified or sworn copy of the order complained of, all pleadings related to that order, or a hearing transcript"). Accordingly, without reaching the merits, we deny the petition for writ of mandamus and all relief sought therein.

LETICIA HINOJOSA
Justice

Delivered and filed the
16th day of May, 2019.