

## NUMBER 13-19-00358-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE WILLIAM ROGERS

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Longoria
### Memorandum Opinion by Justice Longoria[1]

Relator William Rogers, an incarcerated inmate proceeding pro se, filed a petition for writ of mandamus in the above cause on July 23, 2019. Through this original proceeding, relator seeks to set aside an order transferring venue of the underlying case from the county in which relator is incarcerated, Bee County, to Nueces County on grounds that Nueces County is the county of residence for the defendant in the underlying case, Allen C. Lee. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002 (providing the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id. R.* 47.4 (distinguishing opinions and memorandum opinions).

general rule for venue); *id.* § 15.019 (governing mandatory venue in inmate litigation). This Court requested and received a response to the petition for writ of mandamus from Lee.

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A party may file a petition for writ of mandamus to enforce mandatory venue provisions, and in such cases, need only show that the trial court abused its discretion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642; *In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 117 (Tex. 2006) (orig. proceeding).

A petition for writ of mandamus must comply with the requirements of the appellate rules. *See generally* TEX. R. APP. P. 52; *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Athans*, 458 S.W.3d 675, 676 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See* TEX. R. APP. P. 52.3. In this regard, the relator must furnish an appendix or record that is sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying

the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus, the limited record provided, the response, and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

NORA L. LONGORIA
Justice

Delivered and filed the
1st day of August, 2019.

3