**Conditionally Grant and Opinion Filed May 27, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00807-CV

## IN RE DAVID BARNES, Relator

**Original Proceeding from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-11-11126**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Nowell
Opinion by Justice Nowell

In this original proceeding, relator David Barnes challenges the family court's

August 17, 2021 interim order finding he resides in Highland Park, Texas, and

effectively enjoining him from residing outside of the Highland Park Independent

School District (HPISD) attendance zone. Real party in interest (Mother) responded.

After reviewing the parties' briefs and the mandamus record, we conditionally grant

the petition for writ of mandamus in part and deny the remainder.

Relator and Mother are divorced. They share two teenaged children (the Children).[2] In the 2012 Amended Final Decree of Divorce, Relator and Mother were appointed joint managing conservators. Mother was given the right to designate the Children's primary residence and determine the educational facility the Children would attend within Dallas County. Since the divorce became final, the family court has issued several orders.

In the family court's September 18, 2020 amended final order in suit for modification, Mother was designated as the primary joint managing conservator with the exclusive right to determine the Children's primary residence in Dallas County. The September 18 modification order awards Mother the exclusive right to make all educational decisions for the Children after consultation with Relator and the exclusive right to determine where the Children should attend school in accordance with the provisions of the order. The order designates HPISD as the Children's school district and states the Children shall remain in HPISD. When the family court issued the September 18, 2020 modification order, Mother no longer lived within the HPISD attendance zone, but Relator did.

In December 2020, the family court limited Relator's time with the Children to two ninety-minute lunches per month. According to Relator, because his

---

[1] Writing this opinion presents an unusual problem because salient documents related to this proceeding are under a sealing order that we must respect. *Kartsotis v. Bloch*, 503 S.W.3d 506, 510 (Tex. App.—Dallas

possession time was limited, he no longer needed a large home. He decided to lease his large Highland Park residence to someone else, and he moved outside of the HPISD attendance zone. On February 5, 2021, Relator filed a notice of change of address showing he moved his residence from his house in Highland Park to one in East Texas. He then informed HPISD that his address changed. HPISD began considering the Children's eligibility for enrollment and eventually decided to permit the children to continue their enrollment through the end of the 2020-21 school year, pending further clarification from the family court.

In May 2021, Mother filed a motion for clarification, seeking an order that Relator take no further actions to make the Children ineligible to remain in their HPISD schools. The family court conducted a hearing on August 12, 2021, which was continued to August 16, 2021, when the family court held an evidentiary hearing. On August 17, 2021, the family court issued an interim order stating it determined Relator's Highland Park house is his residence. In the same order, the family court issued a temporary injunction enjoining Relator from: (1) taking any action that would cause the Children to be ineligible to attend HPISD schools;

---

2016, pet. denied). However, we also must hand down a public opinion explaining our decisions based on the record. *See* TEX. R. APP. P. 47.1, 47.3 (all opinions are open to the public and must be made available to public reporting services); TEX. GOV'T CODE ANN. § 552.022 (a)(12) ("final opinions, including concurring and dissenting opinions, and orders issued in the adjudication of cases" are "public information"). Accordingly, we have made efforts to preserve the confidentiality of the information and avoided references to as much information as possible that is part of the sealed record. *See Masterguard, L.P. v. Eco Techs. Int'l LLC*, 441 S.W.3d 367, 371 (Tex. App.—Dallas 2013, no pet.).

[2] Barnes also has a son who is not a subject of this litigation. Accordingly, as used herein, "Children" means the two teenage children who are the subjects of this litigation.

(2) disrupting, or attempting to disrupt, the Children's enrollment in HPISD; and (3) taking any action or encouraging others to interfere with the Children's eligibility to attend HPISD schools.

## STANDARD FOR MANDAMUS RELIEF

To be entitled to mandamus relief, Relator must show both that the trial court has clearly abused its discretion and that he has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A clear abuse of discretion occurs when a trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court has no discretion when determining what the law is or applying the law to the facts. *Id*. Therefore, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ. *Id*. at 840.

## LAW & ANALYSIS

Relator's mandamus petition presents two issues for which he argues he lacks an adequate remedy by appeal: (1) the family court clearly abused its discretion by finding his residence is in Highland Park without sufficient evidence to support the finding, and (2) the family court clearly abused its discretion by denying him due process of law by (a) unconstitutionally restricting his residency to HPISD and (b) conducting numerous hearings when he was unavailable.

–4–

## A. Relator's Residence in Highland Park

Relator challenges the family court's factual determination that the home he owns in Highland Park is his residence. When resolving factual issues, we may not substitute our judgment for that of the trial court. *Walker*, 827 S.W.2d at 839. Rather, to successfully show he is entitled to mandamus relief, the relator must show that the trial court could reasonably have reached only one decision. *Id*. at 840; *see also In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding) (trial court abuses its discretion "when its decision is contrary to the only permissible view of the evidence"). Even if this Court would have decided the issue differently, we cannot upset the trial court's factual determination unless it is shown to be arbitrary and unreasonable. *Walker*, 827 S.W.2d at 840. The trial court does not abuse its discretion if it bases its decision on conflicting evidence and at least some evidence supports the trial court's decision. *In re Barber*, 982 S.W.2d at 366.

Mother testified at the August 16 evidentiary hearing. The Children attend HPISD schools based on Relator's residence, which is in HPISD; Mother does not live in HPISD. When, in February 2021, Relator notified HPISD that he changed his residence to a house in East Texas, Mother did not believe Relator had been truthful. After he sent the notice to HPISD, the Children visited Relator at the Highland Park home and their belongings were still in the Highland Park house and had not been disturbed. Mother testified: "he was still in his [Highland Park] home at the time." A few days later, Mother received a message from Relator stating "[a]ll of the current

disagreements can go away . . . Let the girls enjoy their school, friends and activities without all this easily avoidable drama" if Mother agreed to the possession schedule Relator wanted.

On April 24, 2021, Relator told the amicus attorney (Amicus) that he retained ownership of his Highland Park house; Amicus informed Relator that the Children could continue attending HPISD schools if he kept the utilities for his house in his name. Three days later, Amicus learned Relator changed the utilities from his name to someone else's. Relator subsequently rented an apartment in Dallas, which he claims is his residence (Dallas Apartment). The Dallas Apartment is less than one mile outside of the HPISD attendance zone.

In August 2021, Relator and Mother met with a court-appointed therapist. In that meeting, Relator stated he maintained ownership of his Highland Park home and could move back into HPISD, but he needed Mother "to agree to drop everything and agree to his demands."

On August 17, 2021, the family court issued its Interim Order on Requested Relief for Clarification, which includes the following findings:

> 17. [Relator] has intentionally thwarted the ability of the parties to conduct meaningful investigations regarding [(1)] any lease on the residence he owns within HPISD; (2) the status of what he alleges is his current residence; and [(3)] any ancillary matter deemed necessary to glean insight into his current living situation. This is done to vitiate the possibility of HPISD enrollment for the [Children's] 2021–2022 school year.
> 18. The Court further finds that [Relator] has intentionally made himself unavailable to thwart the process of investigative measures.

19. The Court finds that [Relator] has created a false narrative surrounding his residency to intentionally harm the children.

. . . .

22. The Court finds that the [Highland Park] address is the residence of [Relator].

On August 19, 2021 and September 9, 2021, Relator filed documents to demonstrate he resides in the Dallas Apartment, including documents related to the lease of the Highland Park house and the Dallas Apartment as well as Relator's driver's license and voter registration cards, which both list the address of the Dallas Apartment. Relator's driver's license states it was issued on August 24, 2021, and his voter registration card reflects a "transfer date" of August 24, 2021.

The family court's determination that Relator's residence is his Highland Park home rather than the Dallas Apartment is a factual issue, and we will not substitute our judgment for that of the family court. *See Walker*, 827 S.W.2d at 839. If we consider the documents filed by Relator after the hearing along with the evidence before the family court during the August 16 hearing, we conclude the record contains conflicting evidence about Relator's residence, and Relator has failed to show the family court could only have decided the Dallas Apartment was his residence. *See id*. at 840. Accordingly, we conclude the family court did not abuse its discretion when it based its decision on, at best, conflicting evidence and at least some evidence supports the family court's decision. *See In re Barber*, 982 S.W.2d at 366. We deny Relator's petition for writ of mandamus as to the family court's conclusion that Relator's residence is his home in Highland Park.

## B. Relator's Residence Limited to HPISD

Relator also challenges the family court's order which, he argues, violates his due process rights by unconstitutionally restricting his residency to Highland Park. Along with its August 17, 2021 interim order, the family court issued a temporary injunction enjoining Relator from: (1) taking any action that would cause the Children to be ineligible to attend HPISD schools; (2) disrupting, or attempting to disrupt, the Children's enrollment in HPISD; and (3) taking any action or encouraging others to interfere with the Children's eligibility to attend HPISD schools.

When a family court appoints both parties as joint managing conservators, "it must designate the conservator who has the exclusive right to determine the primary residence of the child and must either establish a geographic area within which the conservator shall maintain the child's primary residence or specify that there are no geographic restrictions." *In re Marriage of Christensen*, 570 S.W.3d 933, 938 (Tex. App.—Texarkana 2019, no pet.) (citing TEX. FAM. CODE ANN. § 153.134(b)(1)). While the family code authorizes the family court to impose a geographic restriction on a conservator with the right to designate a child's primary residence, we have found no authority permitting the family court to impose a geographic residency restriction on a conservator who does not designate the child's primary residence and has little to no possession time with the child, such as Relator. Accordingly, we conclude a family court's authority to designate the conservator who has the

–8–

exclusive right to determine the primary residence of the child and establish a geographic area within which the conservator shall maintain the child's primary residence does not extend to limiting the geographic area within which a conservator without the authority to determine the child's primary residence may reside.

In this case, Relator does not have the right to designate the Children's primary residence; Mother has that exclusive right. Accordingly, the family court acted without authority when it enjoined Relator from taking any action that would cause the Children to be ineligible to attend HPISD schools. The injunction effectively is a geographic residency restriction on Relator because the Children's eligibility to attend HPISD schools was based on Relator's residence within the district.[3]

Mother argues the family court was free to require Relator to maintain the Children's eligibility for HPISD simply because it would be in the best interests of the Children. Section 153.002 of the family code provides that "[t]he best interest of the child shall always be the primary consideration of the court in determining issues of conservatorship and possession of and access to the child." TEX. FAM. CODE ANN. § 153.002. Section 153.002 addresses the determination of issues of conservatorship

---

[3] We limit our consideration of Relator's arguments to the provisions of the Texas Family Code and relevant case law. Because we conclude the family code does not empower the family court to impose a geographic residency requirement on Relator in this instance, we need not consider whether, by doing so, the family court denied Relator's due process rights and unconstitutionally restricted his residency. *See* TEX. R. APP. P. 47.1.

and possession. We are not persuaded that section 153.002 reaches so far as to allow the family court to require a parent who does not have the right to determine a child's primary residence and who has little or no possession time to live in a specific school district so that his child can maintain eligibility to attend schools within that district. The requirement that Relator continue living within HPISD is not an issue of conservatorship or possession that falls within the ambit of section 153.002, and Mother has cited no other provision authorizing the family court's action.

Mother argues mandamus relief should be denied because Relator had an adequate remedy by appeal. Specifically, she asserts the family court's ruling was an appealable temporary injunction under section 51.014(a)(4) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (permitting interlocutory appeal of temporary injunction). We disagree. The family court's temporary injunction was issued in a suit affecting the parent-child relationship under section 105.001 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 105.001(b). Pursuant to section 105.001(e), a temporary injunction rendered under that section is not subject to interlocutory appeal. *Id.* § 105.001(e).

We conclude Relator has shown the family court clearly abused its discretion by issuing a temporary injunction enjoining Relator from: (1) taking any action that would cause the Children to be ineligible to attend HPISD schools; (2) disrupting, or attempting to disrupt, the Children's enrollment in HPISD; and (3) taking any

action or encouraging others to interfere with the Children's eligibility to attend HPISD schools. Relator has no adequate appellate remedy. Therefore, as to the temporary injunction, Relator has shown he is entitled to mandamus relief.

### C. Relator's Absence from Hearings

Relator argues the family court clearly abused its discretion by denying him due process of law by conducting hearings when he was unavailable. The family court set a hearing on HPISD's Joinder in [Mother's] Motion for Clarification for August 12, 2021. Two days before the hearing, Relator filed an Emergency Motion for Continuance, on which the family court did not rule.[4] The family court conducted the August 12 non-evidentiary hearing remotely via Microsoft Teams; two lawyers appeared on Relator's behalf. The hearing was continued to August 16.

On August 13, 2021, Relator filed a Motion for Continuance of the August 16, 2021 hearing wherein he informed the family court that he would be traveling and unavailable on August 16. The August 16 hearing proceeded as scheduled, and two lawyers for Relator participated in the hearing. At the hearing, the family court admitted evidence related to Relator's representations about his residence and whether he continued residing in his Highland Park house. At the hearing, Relator's counsel cross-examined Mother and admitted one exhibit, which is a June notice of Relator's change of address to the Dallas Apartment. At the end of the hearing, the

---

[4] The family court judge stated on the record during the August 12, 2021 hearing that she was not denying Relator's motion for continuance because the motion was not set for hearing and was not before the court.

family court judge stated she would issue an interim order based on the limited information she had available and the hearing would be continued. The family court then issued its August 17, 2021 interim order.

On December 1, 2021, the family court held a hearing on Relator's motion for reconsideration. Relator testified at the hearing about his residence, including that he moved his residence out of HPISD in February 2021 and, at the time of the hearing, the Dallas Apartment was his residence. Relator testified he had no intention of moving back into HPISD and that his Highland Park home was for sale and had been for sale for a long time. Relator's driver's license, lease for the Dallas Apartment, and lease for the Highland Park home as well as extensions of that lease were admitted as exhibits. According to Relator's supplement to the emergency petition for writ of mandamus, the family court refused to vacate the August 17, 2021 interim order. However, there is no reporter's record or order in the record reflecting the family court's refusal to vacate.

While Relator complains he was not allowed to appear and present evidence on the issue of his residence during the August hearings, thus depriving him of due process, we disagree. Relator was given that opportunity at the December 1 hearing. Accordingly, any argument Relator makes about his inability to present evidence during the August hearings was mooted when he was given the opportunity to do so on December 1. Further, to the extent Relator complains about the family court's denial of reconsideration, Relator has failed to provide an order from the family court

–12–

or reporter's record reflecting the family court's ruling. Accordingly, we conclude we lack an adequate record to consider this complaint. *See In re Athans*, 458 S.W.3d 675, 679 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding); *see also In re Daniel*, No. 05-21-00805-CV, 2022 WL 68208, at *1 (Tex. App.—Dallas Jan. 6, 2022, orig. proceeding) (mem. op.).

## CONCLUSION

We conditionally grant in part the petition for writ of mandamus and direct the family court to vacate its August 17, 2021 Interim Order on Requested Relief for Clarification to the extent that the order enjoins Relator from: (1) taking any action that would cause the Children to be ineligible to attend HPISD schools; (2) disrupting, or attempting to disrupt, the Children's enrollment in HPISD; and (3) taking any action or encouraging others to interfere with the Children's eligibility to attend HPISD schools. Otherwise, we deny the petition for writ of mandamus.

We are confident the family court will act in accordance with this opinion. The writ of mandamus will issue only if the family court does not do so.

/Erin A. Nowell/

210807f.p05

ERIN A. NOWELL
JUSTICE