**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed October 22, 2024.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-24-00754-CV**

---

**IN RE MENGISTU TAYE, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1212637**

---

## MEMORANDUM OPINION

On Thursday, October 10, 2024, relator Mengistu Taye filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Audrie Lawton-Evans, presiding judge of the County Civil Court at Law No. 1 of Harris County, to vacate its September 10, 2024 order denying relator's motion to

seal or redact certain court records and order the trial court to seal or redact the records.

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Zhou*, No. 14-21-00276-CV, 2021 WL 3137958, at \*1 (Tex. App.—Houston [14th Dist.] July 26, 2021, orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relators bear the burden of demonstrating their entitlement to mandamus relief. *In re Zhou*, 2021 WL 3137958, at \*1; s*ee In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). This burden includes providing this court with a record sufficient to make that showing. *In re Zhou*, 2021 WL 3137958, at \*1; s*ee Walker*, 827 S.W.2d at 837 (stating that it is relator's burden to provide a record sufficient to establish her entitlement to mandamus relief); *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (stating that "[t]hose seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record.") (footnote omitted).

Relator has not provided this court with a mandamus record from which this court may find that the trial court abused its discretion. *See In re Sorrow*, No. 14-23-00551-CV, 2023 WL 5623551, at \*1 (Tex. App.—Houston [14th Dist.] Aug. 31, 2023, orig. proceeding) (dismissing a petition for writ of mandamus due to an

insufficient record); *see also In re Athans*, 458 S.W.3d 675, 678 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding).

Accordingly, we dismiss relator's petition for writ of mandamus without prejudice.

PER CURIAM

Panel consists of Chief Justice Christopher, Justices Zimmerer and Wilson.